UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11355-GAO

JONATHAN G. SLOANE,
Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,
Defendant.

ORDER
March 27, 2012

O'TOOLE, D.J.

In 2004, the plaintiff gave mortgages to Washington Mutual Bank as security for loans on two adjacent parcels in Osterville, Massachusetts, identified as 633 Main Street and 8 East Bay. The defendant ("Chase") became the servicer of the loans in September 2008 by assignment from the Federal Deposit Insurance Corporation as receiver of the assets of Washington Mutual. In October 2008, Chase sent the plaintiff a notice of acceleration of the mortgage on 633 Main Street. A Massachusetts state statute, General Laws chapter 244, § 35A, sets forth certain requirements for such notices. The property at 633 Main Street was foreclosed by sale on June 27, 2012. The plaintiff thereafter commenced this suit, seeking a declaration that the foreclosure was void because the notice sent by Chase failed to conform to the requirements of §35A. He also asserted that Chase had orally promised not to foreclose if he corrected a "deficiency" in the title of the 8 East Bay property. As to both counts of the complaint, the plaintiff seeks an order restraining Chase from completing the foreclosure by recording the foreclosure deed.

The defendant has moved to dismiss these claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motion to dismiss will be granted.

1. As a national bank, Chase is subject to regulation by the Office of the Comptroller of the Currency ("OCC") as authorized by the National Bank Act ("NBA"). 12 U.S.C. §1 et seq. The Supreme Court has repeatedly stated that "federal control shields national banking from unduly burdensome and duplicative state regulation." Watters v. Wachovia Bank, N.A., 550 U.S. 1, 11 (2007). While the NBA does not preempt all state consumer protection laws as banks are "subject to state laws of general application in their daily business to the extent such laws do not conflict with the letter and purpose of the NBA," id., Chase correctly argues that § 35A is expressly preempted by the following OCC regulation:

> A national bank may make real estate loans … without regard to state law limitations concerning … [t]he terms of credit, including schedule for repayment of principal and interest, amortization of loans, balance, payments due, minimum payments, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan.

12 C.F.R. § 34.4(a)(4). Section 35A expressly limits "the circumstances under which a loan may be called due" and regulates the "term to maturity of the loan" by imposing requirements applicable to acceleration of mortgage loans. See, e.g., § 35A(b), (g). Such state regulation of a national bank is expressly preempted. Cf. Sovereign Bank v. Sturgis, 863 F. Supp. 2d 75, 103 (D. Mass. 2012) (HOLA preempts § 35A and state law acceleration clauses).

2. Seeking to avoid this result, the plaintiff argues that compliance with § 35A is required as a matter of contract, not state regulation, because the mortgagee has agreed that in exercising the statutory power of sale, it would comply "with the statutes relating to the foreclosure of mortgages by the exercise of a power of sale." See Mass. Gen. Laws ch. 183, § 21. That reference is to sections 11 through 17C of General Laws Chapter 244. See U.S. Bank Nat'l Ass'n v. Ibanez, 941 N.E. 2d 40, 49 (Mass. 2011) (holding that "where a mortgage grants a mortgage holder the power of sale" it includes "by reference the power of sale set out in G.L. c.

183 § 21, and further regulated by G.L. c. 244 §§ 11-17C"). Section 35A is a more general provision relating principally to an opportunity for a residential real property mortgagor to cure a default. It does not regulate the statutory power of sale. Accordingly, the mortgage contract's promise to comply with "the statutes relating to the foreclosure of mortgages by the exercise of a power of sale," M.G.L. ch. 183, § 21, does not incorporate a contract promise to comply with the provisions of § 35A.

    3. The plaintiff also claims that, in May 2012, the parties agreed that if he "executed a deed to correct the deficiency in title to the other mortgage," the defendant would delay the foreclosure on 633 Main Street and give plaintiff an opportunity to modify his mortgage. (Compl. 17 (dkt. no. 6).) I agree with the defendant that the plaintiff has failed to plead an actionable contract claim. To the extent it is alleged that the defendant agreed to forebear foreclosure, the claim is barred by the statute of frauds. Montouri v. Bailen, 194 N.E. 714 (Mass. 1935).  See also Seidel v. Wells Fargo Bank, N.A., 2012 WL 2571200 (D. Mass, July 3, 2012) and French v. Chanse Bank, N.A., 2012 WL 273724 (D. Mass. Jan. 31, 2012). To the extent it is alleged that the defendant breached a promise to consider a modification, the complaint fails to plead consideration for such a promise.

    For these reasons, the defendant's Motion to Dismiss (dkt. no. 7) is GRANTED, and the complaint is DISMISSED.

    It is SO ORDERED.

    /s/ George A. O'Toole, Jr.  
    United States District Judge