UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11355-GAO

JONATHAN G. SLOANE,
Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,
Defendant.

ORDER
May 24, 2013

O'TOOLE, D.J

The plaintiff brought this action seeking to void the foreclosure sale of his home by the defendant. This court granted the defendant's motion to dismiss in March 2013. The plaintiff has moved to alter the judgment (dkt. no. 23) in light of new caselaw. Defendant opposes this motion.

Amendment or alteration of a judgment is "an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg. Corp., 465 F.3d 24, 30 (1st Cir. 2006) (citations omitted). Rule 59(e) is not a mechanism to rehash failed arguments or raise new one that "could, and should, have been made before judgment was issued." ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008) (quoting FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)). Rather, to prevail, a party must prove either an error of law, a change in the controlling law, or present newly discovered evidence. Soto-Padro v. Pub. Bldgs. Auth., 675 F.3d 1, 9 (1st Cir. 2012). Here, the plaintiff contends that he is entitled to relief because there is additional caselaw on point not briefed by either party or considered by the court on the motion to dismiss.

The plaintiff has failed to satisfy the requirements of Rule 59(e). Most of the cited cases were available before the judgment was entered in March 2013 and further, these rulings do not persuade the court that M.G.L. ch. 244, § 35A is not expressly preempted by federal law.

The motion to alter is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge